# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:20-cr-00013-MR-WCM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| OTTO MORALES LOPEZ, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's Unopposed Motion to Allow Rule 11 Hearing to be Conducted by Videoconference [Doc. 10].

On February 4, 2020, the Defendant was charged in a Bill of Indictment with one count of being an alien, knowingly and unlawfully entering and attempting to enter the United States without the express advance consent of the Attorney General and Homeland Security, after being deported and removed from the United States, all in violation of 8 U.S.C. § 1326(a) [Doc. 1]. On December 2, 2020, Defendant's initial appearance and arraignment were held, at which time the Magistrate Judge appointed counsel and calendared the case to the January 4, 2021 trial term. On December 17, 2020, the Defendant filed a notice of intent to change plea and the

Government filed a factual basis. [Docs. 8, 9]. On December 21, 2020, the Court continued the case to its current setting during the March 1, 2021 trial term. [Doc. 11].

The Defendant now seeks to have the Rule 11 Hearing in this matter conducted by videoconference. [Doc. 10]. As grounds, counsel for the Defendant states that the Defendant is presently detained in the Buncombe County Jail where six (6) detention officers and one (1) detainee have tested positive for COVID-19, with ten (10) officers quarantining based on close contacts. [Id. at 2]. Counsel also states that the Defendant has not contracted COVID-19 during his detention and that removing the Defendant for an in-person Rule 11 Hearing would require that he spend approximately fourteen (14) days in quarantine or solitary confinement upon his return, as well as potentially require his permanent removal from the dorm where he has been living safely. [Id. at 2-3]. Counsel for the Defendant further represents that the Defendant and the Government consent to the request for the Rule 11 Hearing to be conducted by videoconference. [Id. at 3].

In light of the public health considerations caused by the coronavirus pandemic, as described in this Court's Standings Orders, Case No. 3:20-mc-00048-MR, the Court finds that the Defendant's Rule 11 hearing "cannot be conducted in person without seriously jeopardizing public health and safety."

<u>Coronavirus Aid, Relief, and Economic Security Act</u> (CARES Act) Pub. L. No. 116-136, 134 Stat. 281 (Mar. 27, 2020). The Court further finds, under the unique circumstances of this case, that the Defendant's Rule 11 hearing "cannot be further delayed without serious harm to the interests of justice." <u>Id.</u> For these reasons, the Court concludes that conducting the Rule 11 hearing in this matter by videoconference is appropriate.

Accordingly, for the reasons stated herein, and pursuant to the CARES Act and this Court's Standing Orders, Case No. 3:20-mc-00048-MR, the Court therefore concludes that the Defendant's Rule 11 Hearing may take place by way of videoconference.

Accordingly, **IT IS, THEREFORE, ORDERED** that Defendant's Unopposed Motion to Allow Rule 11 Hearing to be Conducted by Videoconference [Doc. 10] is **GRANTED**, and the above-captioned Defendant's Rule 11 Hearing is **ALLOWED** to be conducted by videoconference.

**IT IS SO ORDERED.**

Signed: January 7, 2021

Martin Reidinger
Chief United States District Judge

3

Case 1:20-cr-00013-MR-WCM   Document 12   Filed 01/07/21   Page 3 of 3